[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a personal injury action arising out of a motor vehicle accident occurring on August 5, 1997. In the Second Count of the plaintiffs' action, the plaintiff-husband alleges that he has lost the care, comfort, companionship and consortium of the plaintiff-wife, due to the personal injuries sustained by the plaintiff-wife in said motor vehicle accident.
The defendant has filed a motion for summary judgment regarding the Second Count of the plaintiffs' Complaint claiming that the defendant is entitled to judgment as a matter of law, as the plaintiff-husband and the plaintiff wife were not married CT Page 5306 at the time of the defendant's alleged negligence on August 5, 1997.
 I
Pursuant to Connecticut Practice Book § 17-49, summary judgment shall be rendered forthwith only if the pleadings, affidavits and any other proof submitted show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Home Insurance Co. v.Aetna Life and Casualty Co., 235 Conn. 185, 202 (1995). "The party moving for summary judgment has the burden of showing the absence of genuine issue as to all material facts, which, under applicable principles of substantive law, entitle him to judgment as a matter of law." State v. Goggin, 208 Conn. 606,615 (1988). Because the burden is on the movant, the evidence must be viewed in the light most favorable to the non-movant, and he is given the benefit of all favorable inferences that dan be drawn." Id. At 616. "The burden is on the moving party and the standards of summary judgment are strictly and forcefully applied." Miller v. United Technologies, Corp., 233 Conn. 732,751 (1995)
 II
There is no disagreement between the parties that the plaintiffs were married on October 10, 1998, fourteen months after the motor vehicle accident between the plaintiff-wife and the defendant. The Connecticut Supreme Court has held inGurliacci v. Mayer, 218 Conn. 531 (1991) that an action for loss of spousal consortium cannot be maintained unless the plaintiff-husband was married to the injured plaintiff-wife at the time of the alleged negligence of the defendant. The court in Gurliacciv. Mayer, supra, reviewed the rationale in the case of Hopson v.St. Mary's Hospital, 176 Conn. 485 (1979) where the common law claim for loss of consortium was first recognized. Based on its interpretation of Hopson v. St. Mary's Hospital, supra, the court in Gurliacci at 564 found that the formal marriage relationship forms the "necessary touchstone" for a loss of consortium claim. In the absence of a formal marriage relationship at the time of the accident, a claim for loss of consortium cannot be maintained.
The plaintiffs ask that this court find that the Connecticut Supreme Court's holding in Gurliacci v. Mayer,218 Conn. 531 (1991) represents a misapplication of the legal CT Page 5307 precedence established in Hopson v. St. Mary's Hospital,176 Conn. 485 (1979). The plaintiffs suggest that a better rule is that the marriage contract must be formed at the time of the actionable negligence, which results in the harm to the marital relationship. This theory would serve the plaintiffs, who may have been engaged, with plans to marry, at the time the plaintiff-wife allegedly sustained her personal injuries.
This court will not expand the rule that in the absence of a formal marriage relationship at the time of the actionable conduct, a claim for loss of consortium cannot be maintained.
Accordingly, the motion for summary judgment as to the Second Count claiming loss of consortium is hereby granted.
The Court Arnold, J.